United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 05-70025

————————————

ALVIN ANDREW KELLY,

Petitioner-Appellant,

v.

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

—————————————————————————————

Appeal from the United States District Court for the
Eastern District of Texas, Beaumont
No. 1:00-cv-636

—————————————————————————————

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner Alvin Andrew Kelly ("Kelly") was convicted of capital murder in Texas state court

and sentenced to death. Kelly appeals the district court's summary judgment denial of his petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We conclude that the district court

violated the mandate rule and thus, once again, vacate and remand for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On August 10, 2004, this Court issued an opinion holding that the district court had erred in granting summary judgment on two claims based on a credibility determination. *Kelly v. Dretke,* 111 Fed. Appx. 199 (5th Cir. Aug. 10, 2004) (unpublished). We concluded as follows:

> Petitioner has failed to show that a genuine issue of material fact exists as to most of his claims. As to the parts of two claims that relate to Nancy Brown's affidavit, however, summary judgment based upon the record presented is inappropriate. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

*Id.* at 213.

On remand, the district court stated that the Fifth Circuit's "ruling was technically correct, but it ignored the Court's point: even if Brown's affidavit is believed, it does not resolve the issue of whether the statements Cynthia made to Brown were in fact true." The district court further opined that "whether Brown's affidavit is credible is immaterial unless the facts underlying Cynthia's alleged recantation are independently corroborated." Based on these conclusions, the district court ordered Kelly to submit any materials corroborating the relevant statements made by Cynthia.

Kelly responded to the order by filing a memorandum arguing that the evidence corroborated Cynthia's recantation. The district court concluded that none of the evidence cited by Kelly corroborated Cynthia's alleged recantation and granted the Director's motion for summary judgment as to the two remaining claims.

On appeal, Kelly argues that the law of the case doctrine precluded the district court from entering summary judgment. "Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Matthews,* 312 F.3d 652, 657 (5th Cir. 2002) (citation and internal quotation marks omitted). We have explained that the law of the case doctrine is essential

2

to the orderly administration of justice. *Id.* However, the law of the case doctrine allows reexamination if: "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice." *Fuhrman v. Dretke,* — F.3d — , No. 05-50413, 2006 WL 574289 at \*2 (5th Cir. Mar. 10, 2006).

A corollary of the law of the case doctrine is the mandate rule. *United States v. Lee,* 358 F.3d 315, 320 (5th Cir. 2004). "The mandate rule simply embodies the proposition that a district court is not free to deviate from the appellate court's mandate." *Kapche v. City of San Antonio,* 304 F.3d 493, 496 (5th Cir. 2002) (citation and internal quotation marks omitted). In other words, "a lower court on remand must implement both the letter and the spirit of the [appellate court's] mandate, and may not disregard the explicit directives of that court." *Id.* (citations and internal quotation marks omitted) (brackets in opinion).

In Kelly's prior appeal, as set forth above, this Court expressly held that "[a]s to the parts of two claims that relate to Nancy Brown's affidavit . . . summary judgment based upon the record presented is inappropriate" and remanded for proceedings consistent with the opinion. In other words, after our review of the summary judgment evidence, we found a genuine issue of material fact precluding summary judgment in favor of the Director. On remand, the Director submitted no new evidence into the record. The record evidence after remand is not substantially different; indeed, we see no difference with respect to this issue.[1] The instant appeal is presented with essentially the same summary judgment evidence as the prior appeal. Accordingly, based upon the same record that this

---

[1] We have reviewed the evidence Kelly submitted in support of his memorandum of corroborating materials in the district court. The evidence does not render the record substantially different. *Fuhrman,* — F.3d —, No. 05-50413, 2006 WL 574289 at \*2.

3

Court previously deemed inappropriate for summary judgment, the district court nonetheless granted it. Thus, the district court violated the mandate rule.[2]

Accordingly, for the above reasons, the district court's grant of summary judgment is VACATED, and this matter is REMANDED for proceedings consistent with this opinion.

---

[2] In its initial summary judgment and the summary judgment entered following our previous remand, the district court's explanation of its ruling provided strong reasons for not giving credence to Kelly's evidence. Certainly, the district court's analysis withstands scrutiny if we were not once again confronted with a summary judgment on the same evidence. As we are again reviewing a summary judgment and not the court's findings after an evidentiary hearing, we are bound by our previous holding that there is a fact issue.